incumbent on him to prove it (Walrod v. Ball, 9 Barb. 271, 272), need not be determined. A diligent search has failed to reveal any case where, in the absence of any evidence whatsoever, a plaintiff upon whom rests the burden to show loss arising out of a transaction incident to corporation bonds has been permitted to recover the par value of such bonds on a presumption of value only and without a particle of proof thereof. The record is full of evidence to show that the bonds were never treated by defendant as in fact worth anything like their par value, and defendant offered to prove the price at which the $200,000 of bonds finally remaining in its hands were sold at public auction after due advertisement; but plaintiffs' counsel said he raised no "question about that." The action seems to have been brought, tried, and decided on the theory that the value of the bonds lost to plaintiffs by reason of defendant's act was immaterial. This I think was error, because, if the defendant's total loan exceeded the value of all the bonds held by it as collateral, at any time, plaintiffs lost nothing by reason of defendant's surrender of a portion of those bonds from time to time as installments were paid on account of the loan. For the same lack of proof of value, plaintiffs failed to show any loss or damage by reason of the disposition of the remaining $200,000 in bonds. The judgment should be reversed, and a new trial granted.

HOLLOWELL & WISE CO. v. HUNGERFORD et al. (Supreme Court, Appellate Division, Fourth Department. March 26, 1915.) Action by the Hollowell & Wise Company against J. Arthur Hungerford and others. No opinion. Judgment affirmed, with costs.

HOLSTEIN v. STEEPLECHASE PARK CO. (two cases). (Supreme Court, Appellate Division, First Department. April 1, 1915.) Actions by Minnie Holstein and by Jacob Holstein against the Steeplechase Park Company. No opinions. Motions denied, with $10 costs. Orders filed. See, also, 151 N. Y. Supp. 1121.

In re HOLZWORTH. (Supreme Court, Appellate Division, Second Department. April 23, 1915.) In the matter of the final judicial settlement of the account of Sarah S. Holzworth, as executrix of the estate of William N. Slater, deceased. No opinion. Motion for leave to appeal to the Court of Appeals denied, as leave is unnecessary. Motion for injunction denied. See, also, 151 N. Y. Supp. 1075.

HOSMER, Sheriff, et al. v. AGRICULTURAL INS. CO. (No. 7031.) (Supreme Court, Appellate Division, First Department. March 26, 1915.) Appeal from Special Term, New York County. Action by Charles C. Hosmer, Sheriff, and another, against the Agricultural Insurance Company. From an order denying motion to vacate an order for examination before trial of a witness not a party to the action, defendant appeals. Reversed. Leo Levy, of New York City, for appellant. Edward B. Boise, of New York City, for respondents. PER CURIAM. For the reasons stated in Harburger, as Sheriff, v. Westchester Fire Insurance Co., 152 N. Y. Supp. 272, decided herewith, the order appealed from will be reversed, with $10 costs and disbursements, and the motion granted, with $10 costs.

HOWE v. GUBITZ et al. (Supreme Court, Appellate Division, Second Department. April 16, 1915.) Action by John I. Howe, Jr., against Gustav A. Gubitz and others. No opinion. Order affirmed, with $10 costs and disbursements. See, also, 152 N. Y. Supp. 1118.

HOWE v. GUBITZ et al. (Supreme Court, Appellate Division, Second Department. March 19, 1915.) Action by John I. Howe, Jr., against Gustav A. Gubitz and others. No opinion. Motion for stay granted, on condition that defendants perfect the appeal, place the case on the calendar for April 5, 1915, and be ready for argument when reached; otherwise, motion denied, with $10 costs. See, also, 152 N. Y. Supp. 1118.

HOYT, Respondent, v. DICK et al., Appellants. (Supreme Court, Appellate Division, First Department. April 30, 1915.) Action by Orson C. Hoyt against Evans R. Dick and others. D. H. Miller, of New York City, for appellants. B. L. Marks, of New York City, for respondent. No opinion. Order affirmed, with $10 costs and disbursements. Order filed.

In re HUBER'S WILL. (Supreme Court, Appellate Division, Second Department. April 16, 1915.) In the matter of the probate of the last will and testament of Emilie Huber, deceased.

PER CURIAM. Decree and orders of the Surrogate's Court of Kings County affirmed, with costs.

BURR, J., not voting.

HUESTED, Respondent, v. RICHMOND LIGHT & R. CO., Appellant. (Supreme Court, Appellate Division, Second Department. March 5, 1915.) Action by Edward L. Huested, as administrator, etc., of Orel Huested, deceased, against the Richmond Light & Railroad Company. No opinion. Judgment and order unanimously affirmed, with costs. See, also, 141 N. Y. Supp. 1124, 156 App. Div. 918.

HUGUENOT TRUST CO. v. IRELAND. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by the Huguenot Trust Company against Robert D. Ireland.

PER CURIAM. Motion granted, so far as to stay the enforcement of the judgment until the hearing and decision by this court of the appeal from the order denying the motion to open the default herein, on condition that the appeal be brought on for argument on April 9, 1915. Settle order on notice. See, also, 152 N. Y. Supp. 1118, 1119.

HUGUENOT TRUST CO. v. IRELAND. (Supreme Court, Appellate Division, First Department. March 19, 1915.) Action by the